Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7335 | **DATE** | 11/22/2000 |
| **CASE TITLE** | Hecny Transportation, Inc. vs. Chu et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant in part and deny in part Plaintiffs' objections, as set forth in the body of this order. We further adopt the magistrate judge's September 8, 2000 Report and Recommendations subject to the following modifications: 1) all references to misuse of secret information are stricken from Count VI; 2) paragraphs 34 through 40 are stricken; and 3) Count XVI is stricken with respect to the corporate defendants, and Hecny is granted 21 days from the date of this order to replead that count.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 27 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FOR DOC... | | |
| | Copy to judge/magistrate judge. | 00 NOV 22 AM 10:00 | NOV 24 2000 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | CM mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HECNY TRANSPORTATION, INC., )
)
Plaintiff, )
)
vs. ) 98 C 7335
)
GEORGE CHU, et al., )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant George Chu's Rule 72(a) Objections to Magistrate Judge Geraldine Soat Brown's Report and Recommendation on Plaintiff Hecny Transportation, Inc.'s motion for leave to file a third amended complaint. For the reasons set forth below, we accept in part and reject in part Chu's objections.

## BACKGROUND

This lawsuit arises out of the breakup of a joint venture in the freight forwarding business, resulting in accusations and counter-accusations by the former joint venturers. The factual background of the case is set forth in our memorandum opinion of March 8, 1999, Hecny Transportation, Inc. v. Chu, 1999 WL 134202, and



in the September 8, 2000 Report and Recommendation which is the subject of Chu's objections. We will not reiterate those facts in detail here.

On June 19, 2000, the deadline set by Magistrate Judge Edward Bobrick for the filing of amendments to the pleadings, Plaintiff Hecny Transportation, Inc. ("Hecny") sought leave to file a Third Amended Complaint adding ten new claims and four new defendants. Hecny subsequently added two additional claims to its proposed amended complaint. Defendants George Chu ("Chu"), Daisy Chu ("Daisy Chu"), and Platinum Service IL, Inc. (referred to in the Third Amended Complaint and hereinafter as "Platinum II") objected to the amendments. We referred the matter to Magistrate Judge Geraldine Soat Brown for adjudication.

Judge Brown has issued a September 8, 2000 opinion recommending that this Court grant Hecny leave to file its Third Amended Complaint, except as to Counts VIII, IX, and X, and strike Counts II, XIV and XV granting Hecny 21 days to replead those Counts. Chu objects to certain of the magistrate judge's recommendations, as detailed below.

## LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter may be reversed only on a finding that the order is clearly erroneous or contrary to law. Fed. R. Civ. Proc. 72(a). "A finding is 'clearly erroneous when although there is enough evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). A motion for leave to amend is a non-dispositive motion within the meaning of Rule 72(a). Hart v. Dow Chemical et al., 1997 WL 627645, at *4 (N.D. Ill. Sept. 30, 1997) (Manning, J.).

## DISCUSSION

### I. Dilatory tactics and bad faith

Chu argues that Magistrate Judge Brown committed clear error in allowing the amendment despite what Chu characterizes as Hecny's "dilatory tactics." Chu emphasizes that the June 19, 2000 deadline for amendments was set not because the parties or the court agreed that amendments were appropriate, but because Hecny Hong Kong, which had recently been added as a party, expressed concern about allowing changes to the pleadings late in the discovery period. At the May 15 hearing at which the deadline was set, Magistrate Judge Edward Bobrick expressed skepticism about future amendments, indicating that a motion for leave to add new claims "may fall on deaf ears altogether."

At the time of his May 15 comments, Judge Bobrick was not aware that Hecny had recently discovered Yang and, with her, a number of claims dating back to the early 1990s. His predictions as to the appropriateness of the parties' raising new

claims were therefore not based on that crucial piece of information, information which Judge Brown found sufficient to justify Hecny's two-year delay in amending its complaint. We are therefore unpersuaded by Chu's argument that Judge Brown's decision is contrary to the intent behind Judge Bobrick's June 19 amendment deadline.

Similarly, Judge Brown did not commit clear error in rejecting Chu's argument that Hecny should have discovered Yang's testimony years ago. As Hecny points out, Yang was motivated to conceal information about the alleged conspiracy, as such information was likely to implicate her as well as Chu. Once she did come forward, Hecny moved promptly to amend its complaint.

Finally, Chu's broad assertion that "the amendment will effectively start the case over" is insufficient to overcome Judge Brown's detailed findings to the effect that the scope of the proposed amendment is no broader than the scope of the existing pleadings. Judge Brown therefore did not err in holding that, with discovery still open and no trial date set, defendants will have ample opportunity to obtain the materials they need to defend the case and will not be unduly prejudiced by the need for additional discovery.

We therefore accept Magistrate Judge Brown's finding that the proposed amendments are not unduly delayed or made in bad faith.

## II. Count VI

Chu contends that Count VI, entitled "Intentional Interference with Contractual Relations," improperly combines as many as three legal claims and fails to state a claim on which relief may be granted. The principal substantive paragraph of Count VI, paragraph 106, alleges in pertinent part that "Chu's conduct after leaving Hecny, including his wrongful use of confidential information and trade secrets to intentionally interfere with Hecny's existing and prospective customer base (and contractual relations between other Hecny joint ventures and their customers) was and has been willful, wanton, and malicious...." Chu is correct in asserting that Count VI may not be based on Chu's alleged misappropriation of trade secrets, since common law claims based on misuse of such information are pre-empted by the Illinois Trade Secrets Act, 765 ILCS 1065/8. <u>Composite Marine Propellers, Inc. v. Van Der Woulde</u>, 962 F.2d 1263, 1265 (7th Cir. 1992). Judge Brown's holding to the contrary is incorrect. Since this argument is raised in direct response to the rationale in Judge Brown's opinion, we find that Chu did not waive it by failing to raise it before the Magistrate Judge. The offending language is consequently stricken from the Third Amended Complaint.

Chu is mistaken, however, in assuming that the removal of this language is sufficient to gut Count VI. Paragraphs 1 through 105 are incorporated by reference into Count VI, and the language of paragraph 106 clearly indicates that

misappropriation of trade secrets is merely "includ[ed]" among the allegations supporting the claim. Indeed, Judge Brown's opinion properly sets forth at least two other instances of Chu's alleged misconduct that could support a tortious interference claim. The removal of the trade secrets allegation is therefore not fatal to Count VI.

Finally, Chu argues that Hecny lacks standing to assert interference with contractual relations between other Hecny joint ventures and their customers. Construing the allegation in the light most favorable to Hecny, however, we can conceive of a set of facts under which Hecny may be viewed as asserting its own rights in those contractual relations. Under the liberal federal pleading standards, this is sufficient. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

In sum, we accept Magistrate Judge Brown's recommendations as to Count VI, except with respect to the allegation of trade secret misappropriation. That allegation is hereby stricken.

### III. Count VII

Chu argues that Count VII for "Intentional Interference with Contractual Relations" against Daisy Chu suffers largely from the same defects as Count VI. That is, Chu claims that Hecny has tried to bootstrap civil conspiracy claims onto a

cause of action for intentional interference with contractual relations. He also contends that the allegations fail to state a tortious interference claim.

The magistrate judge held that the allegations of Count VII sufficiently state a claim for intentional interference with prospective economic advantage. In arriving at that conclusion, Judge Brown adopted the following definition:

> In order to state a claim for tortious interference with prospective economic advantage plaintiff must allege that 1) it had a reasonable expectation of entering into a valid business relationship; 2) the defendant had knowledge of the plaintiff's expectancy; 3) the defendant's purposeful interference prevented plaintiff's legitimate expectation from ripening into a valid business relationship; and 4) the plaintiff was damaged as a result of the interference. 3Com Corp. v. Electronic Recovery Specialists, Inc., 104 F. Supp. 2d 932, 937 (N.D. Ill. 2000).

We agree with Judge Brown that Count VII adequately and concisely alleges the elements of the cause of action. Hecny's references to the "conspiracy" are merely shorthand for the conspiracy defined in paragraph 20 of the Third Amended Complaint. The remaining allegations of Count VII detail Daisy Chu's participation in that "conspiracy," participation which amounts to tortious interference with Hecny's prospective business advantage.

Chu asserts nevertheless that Count VII fails to state a claim in that it fails to allege "malicious or deliberate misconduct" such as "fraud, deceit, intimidation, or deliberate disparagement." This criticism is plainly meritless. Paragraphs 111

through 113 allege that Daisy Chu, as an employee of various freight forwarding companies to whom her husband George Chu was improperly diverting business, knowingly made false statements in order to persuade Hecny Chicago employees that Daisy Chu's employers were related to Hecny Chicago. Paragraph 115 alleges that Daisy Chu made the fraudulent statements with the purpose of interfering with Hecny's business relationships, and paragraph 114 alleges that her conduct was willful, wanton, and malicious. These paragraphs, alone and in conjunction with the incorporated allegations of the factual introduction to the Third Amended Complaint, clearly allege the malicious or deliberate fraud that Chu claims is missing from Count VII.

For these reasons, we accept the recommendation of Magistrate Judge Brown with respect to Count VII of the complaint.

**IV. Fiduciary Duty**

Chu next argues that the fiduciary duty counts allege transactions that are barred by the statute of limitations. In particular, Chu claims that paragraphs 34 through 40 allege a particular scheme that, Chu contends, Hecny became aware of in 1992. Because Magistrate Judge Brown held that the statute of limitations begins to run from the discovery of the injury, Chu argues, these paragraphs cannot form the basis for a charge of breach of fiduciary duty.

Paragraphs 34 through 40 allege that a 1992 or 1993 investigation by Hecny revealed that Hecny Chicago had made a claim against its insurance policy for damage to a shipment of goods and then refused to pass on the insurance money to the assignee of the customer for whom the goods were being shipped. When the assignee brought suit, Hecny learned, Chu retained counsel, ostensibly on the grounds that he was protecting Hecny's interest in the insurance payment. Hecny also discovered at that time that Chu and defendant Jerry D. Pearson had purchased an interest in the ostrich eggs. Chu argues that this was sufficient to put Hecny on notice of Chu's alleged breach of fiduciary duty and thus to bar those claims on limitations grounds.

We agree. The complaint does allege that Chu fraudulently concealed that he and Pearson were the parties on whose behalf the shipper refused to honor the assignment of the insurance payment, and fraudulent concealment of Hecny's injury would toll the statute of limitations and save the claims. However, in light of the wording of paragraph 38, which alleges that Hecny "confronted" Chu with "the fact that Hecny had learned of these events and the accusations against Hecny with respect to the original shipment," and that Chu then "admitted" having an interest in the shipment, we must conclude that Hecny was on notice of Chu's breach of fiduciary duty at the time of its investigation. As a result, the allegations set forth in paragraphs

34 through 40 are barred by the five-year statute of limitations and are ordered stricken from the Third Amended Complaint.

Chu also argues that those fiduciary duty claims in Counts I, III, IV and V that were not included in the Second Amended Complaint should be disallowed as futile. Both Count XI of Hecny's Third Amended Complaint and Chu's counterclaim effectively request an accounting, and Counts I, III, IV, and V seek money damages arising out of various alleged breaches of fiduciary duty. In Illinois, a partner or joint venturer may not obtain a money judgment against another partner on particular items or transactions of the partnership or venture until after a final settlement of the partnership accounts. Baskind v. Balder, 1987 WL 12201, at *6-7 (N.D. Ill. June 5, 1987). Chu argues, therefore, that any damages sought for breach of any defendant's fiduciary duty should be disallowed.

Although the magistrate judge did cite the joint venture damages rule in a footnote to her discussion of Chu's "bad faith" argument, she did not apply it in the context of Hecny's fiduciary duty claims, presumably because the parties did not raise the issue. Even Chu's objections cite the rule only as a secondary argument, and limit their discussion to two paragraphs. Nevertheless, because Judge Brown did broach the question of the availability of money damages, and because Hecny had an opportunity

to address it in its response to Chu's objections, we will proceed to dispose of the issue here.

We first dismiss the argument that the rule cited by Chu bars Hecny from recovering damages from Jamilosa, Pearson, or Chen, none of whom was alleged to have been a partner in the joint venture. The rationale behind the rule is twofold: 1) an accounting is generally required to ensure "that plaintiff is not liable to refund even more than he claims in the particular suit"; and 2) "in partnership transactions a partner does not as a rule become a creditor or the debtor of a copartner, but of the firm." Schlossberg v. Corrington, 80 Ill. App. 3d 860, 866, 400 N.E. 2d 73, 77 (1980) (quoting Marcus v. Green, 13 Ill. App. 3d 699, 300 N.E. 2d 512 (1973)). Neither of these purposes is served by applying the rule against non-partners, and Chu has cited no case in which a court has done so.

We also reject Chu's argument with respect to Count I for breach of fiduciary duty against Chu. Though Hecny does request money damages from Chu, a partner, arising out of their joint venture, both Hecny and Chu additionally request a full accounting of the venture. This fact distinguishes this case from those cited by Chu, in which damages claims were dismissed because the parties had not performed or requested a full accounting. See Schlossberg, 400 N.E.2d 73; Baskind, 1987 WL 12201; Hildebrand v. Topping, 608 N.E.2d 119, 123 (1992) (order requiring one

partner to pay money judgment to other was premature while accounting still pending in trial court).

We therefore accept the magistrate judge's recommendations as to Counts I, III, IV and V subject to the modifications detailed above.

**V. Fraud**

Chu claims that the fraud counts against him (XIII through XVI) are not stated with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Magistrate Judge Brown agreed with Chu as to Counts XIV and XV, alleging fraudulent misrepresentation against Jerry Pearson and Alfredo Jamilosa. Those recommendations are unchallenged and we accept them. With respect to Count XIII, alleging fraudulent concealment against George Chu, Judge Brown found the allegations to be sufficiently particular. We agree. Count XIII incorporates paragraphs 1 through 138, which allege in significant detail the "who, what, when and where" of Chu's fraudulent misrepresentations.

Chu argues that he needs more precise dates than the Third Amended Complaint provides in order to evaluate his statute of limitations claims. However, as discussed above and in Magistrate Judge Brown's opinion, the relevant date for limitations purposes is the date that Hecny *discovered* its injury. For each of its claims, Hecny alleges that Chu fraudulently concealed his wrongdoing until "April-May 2000,"

before which time Hecny could not in the exercise of reasonable diligence have discovered its claims against Chu. This is sufficient to sustain the claims at the pleading stage. Accordingly, we find no clear error in Magistrate Judge Brown's report with respect to Count XIII.

Judge Brown's report does not fully address Count XVI, which alleges fraudulent concealment against all defendants. Count XVI alleges that each defendant "intentionally concealed their wrongful conduct" and that Hecny was therefore precluded from discovering the conduct through the exercise of reasonable diligence until 1998 (Chu, Daisy Chu and Platinum I) or 2000 (Chen, Jamilosa, Platinum III and Pearson). Hecny has satisfied the pleading requirements with respect to Chu, Jamilosa, Pearson, and Chen, since each is alleged to have breached a fiduciary duty to reveal conduct damaging to the joint venture. Hollewell v. Construction Fasteners, Inc., 1989 WL 197425, at *3 (N.D. Ill. Oct. 11, 1989) (citing Tomera v. Galt, 511 F.2d 504, 510 (7th Cir. 1985). The allegations are similarly clear with respect to Daisy Chu, who Hecny claims "act[ed] as a 'front' for Platinum I, II and III" and told lies in support of her husband's false representations to Hecny Chicago employees to the effect that Platinum II, GM Shipping and other competing companies were related to Hecny Chicago. As to the corporate defendants, on the other hand, Hecny alleges only that they assisted the other co-conspirators in concealing the conspiracy. (Third Amended

Complaint, ¶¶129-132). In the absence of a duty by Platinum II or III to disclose misconduct to Hecny or other particularized allegations, Count XVI currently fails to state a claim against the corporate defendants.

**VI. Civil conspiracy (Count XVII)**

Chu argues that the magistrate judge erred in finding that Count XVII, alleging civil conspiracy against Platinum II, Platinum III, and the individual defendants, was pled with sufficient particularity. Judge Brown's finding was based on two observations – that the first 150 paragraphs of the complaint are incorporated by reference into Count XVII, and that this Court denied a motion to dismiss based on similar allegations in the original complaint. The two points are related, and Chu challenges both.

As we stated once before in this case, to establish a civil conspiracy claim, a plaintiff must identify, with particularity, the nature of the conspiracy and the defendant's role in the conspiracy. Cohabaco Cigar Co. v. United States Tobacco Co., 1998 WL 773696, *6 (N.D. Ill. 1998) (citing Frymire v. Peat, Marwick, Mitchell & Co., 657 F.Supp. 889, 896 (N.D. Ill. 1987)). Above all, a civil conspiracy plaintiff must allege some particular facts sufficient to establish the existence of an agreement between the alleged conspirators to inflict the alleged wrong. Cohabaco, 1998 WL 773696, at *6. In our March 8, 1999 Memorandum Opinion and Order, Hecny

Transportation, Inc. v. Chu, 1999 WL 134202, we found that Hecny's original complaint was pled with sufficient particularity to state a claim for civil conspiracy. In recommending that we accept Count XVII of the Third Amended Complaint, Magistrate Judge Brown emphasized that "Defendants fail to explain in any way why the Third Amended Complaint should fail on this point when the Court found that the initial Complaint was adequate." In his objections to Judge Brown's report, Chu attempts to correct this failing by arguing, in essence, that the Third Amended Complaint is more complex than the first such that any factual particularity is obscured by Hecny's sloppy pleading. Chu asks us, therefore, to require Hecny to "untangle" its claims to clarify who is accused of what conspiracies when. We, like Judge Brown, have reviewed the complaint and have come to the same conclusion as that court – that Chu must be ignoring the first 150 paragraphs of the complaint in arguing a lack of particularity. Within those paragraphs are highly specific allegations as to particular acts of the alleged conspiracy, with the names of alleged co-conspirators and time frames for their participation in the conspiracy. This is clearly sufficient for Hecny to defeat dismissal of its conspiracy claims at this early stage. We therefore accept Magistrate Judge Brown's recommendation as to Count XVII for the reasons set forth in her report and in our March 8, 1999 memorandum opinion.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part Plaintiffs' objections, as set forth in the body of this order. We further adopt the magistrate judge's September 8, 2000 Report and Recommendations subject to the following modifications: 1) all references to misuse of secret information are stricken from Count VI; 2) paragraphs 34 through 40 are stricken; and 2) Count XVI is stricken with respect to the corporate defendants, and Hecny is granted 21 days from the date of this order to replead that count.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated:  November 22, 2000