Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7335 | **DATE** | 11/20/2002 |
| **CASE TITLE** | Hecny Transportation vs. Chu et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 12/3/2002 at 9:30 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** we grant the motion (Doc 193-1) for summary judgment against Platinum Service IL, Inc. for Count 10 of Hecny's third amended complaint alleging conversion and for Count 15 alleging conspiracy. We note that this finding does not in any way impact the merits of Hecny's case against the remaining defendants, and Judge Brown's prior ruling indicating that the facts in the Rule 37 admissions statement were not deemed to be admitted by the defendants other than Platinum remains in effect. We also grant Hecny leave to file its fourth amended complaint and grant Hecny's request for dismissal of all claims against defendant Jerry D. Pearson without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 2 1 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 214 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | NOV 2 1 2002 | |
| | | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

(Filed stamp: U.S. DISTRICT COURT, 02 NOV 20 PM 4:12, FILED-ED 10)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HECNY TRANSPORTATION, INC., )
)
Plaintiff, )
)
vs. ) 98 C 7335
)
GEORGE CHU, et al., )
)
Defendants. )

DOCKETED
NOV 2 1 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This case is before the court on Plaintiff Hecny Transportation, Inc.'s ("Hecny") motion for summary judgment against Defendant Platinum Service IL, Inc. ("Platinum") on Count 10 of the third amended complaint alleging conversion and on Count 15 of the third amended complaint alleging conspiracy. For the reasons set forth below we grant the motion.

## BACKGROUND

Hecny's motion for summary judgment is mainly based upon Platinum's failure to respond to Hecny's Rule 37 requests for admission. Platinum has not participated in this litigation since 1999, and Platinum's attorney unsuccessfully attempted to withdraw in July 2001 because he was not being paid. Magistrate Judge Brown

ordered that the facts in the Rule 37 statement were deemed admitted by Platinum, but not deemed to be admitted by the other defendants. Platinum has not filed a response to the motion for summary judgment, but the defendants other than Platinum ("Defendants") have filed a brief in opposition to the motion.

The Rule 37 admissions statement indicates that Platinum conducted its operations at the Hecny Chicago station, that George Chu was the manager of the Chicago station, and that Hecny did not know that Platinum was conducting business at Hecny facilities until after George Chu left. The statement also indicates that Platinum was improperly given access to Hecny confidential documents, that George Chu ordered Hecny employees to perform services for Platinum, and that, other than Daisy Chu, Platinum had no employees of its own until it relocated. In addition the statement indicates that Platinum used its improper access to Hecny employees, facilities, and documents to steal Hecny's business and, when Platinum moved out, it stole from Hecny boxes of files, computer software and hardware, a fax machine, and a copy machine.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## DISCUSSION

Defendants claim that Hecny has not provided sufficient evidence to show that Platinum wrongfully assumed control, dominion, or ownership over the stolen property or that there was an agreement sufficient to support a conspiracy claim. We think that, given the admissions in the Rule 37 statement and other evidence referred to by Hecny, a reasonable jury would infer that the Hecny property was wrongfully taken and

utilized by Platinum and there was an agreement to do so. Defendants also argue that, despite the Rule 37 admissions, other evidence creates a genuine issue of material fact. However, the argument that a reasonable jury would ignore Platinum's admissions and infer facts in Platinum's favor contrary to those admissions is without merit.

## CONCLUSION

Based on the foregoing analysis we grant the motion for summary judgment against Platinum Service IL, Inc. for Count 10 of Hecny's third amended complaint alleging conversion and for Count 15 alleging conspiracy. We note that this finding does not in any way impact the merits of Hecny's case against the remaining defendants, and Judge Brown's prior ruling indicating that the facts in the Rule 37 admissions statement were not deemed to be admitted by the defendants other than Platinum remains in effect. We also grant Hecny leave to file its fourth amended complaint and grant Hecny's request for dismissal of all claims against defendant Jerry D. Pearson without prejudice.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: November 20, 2002