Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7335 | **DATE** | 3/30/2004 |
| **CASE TITLE** | Hecny Transportation vs. George Chu | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court hereby grants defendants' motion for summary judgment on plaintiff's claims. Furthermore, the Court grants the plaintiff's revived motion for summary judgment on its defendants' fiduciary duty counter-claim and grants plaintiff's revived motion for summary judgment on defendants defamation counter-claim. All pending dates and motions are hereby terminated as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 31 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 294 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | MAR 31 2004 date mailed notice | |
| MW6 | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HECNY TRANSPORTATION, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 98 c 7335 ) |
| GEORGE CHU, et al., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment on Plaintiff's claims and on Plaintiff's revived motion for summary judgment on its Defendants' fiduciary duty counter-claim and Plaintiff's revived motion for summary judgment on Defendants' defamation counter-claim. For the reasons stated below we grant Defendants' motion for summary judgment and grant both of Plaintiff's motions for summary judgment.

DOCKETED
MAR 31 2004

## BACKGROUND

Plaintiff Hecny Transporation, Inc. ("Hecny") is a freight forwarding

1

294

business. Its parent corporation is Hecny Transportation, Ltd. ("Hecny Hong Kong") Defendant George Chu worked for Hecny as the station manager for Hecny's Chicago office ("Chicago station") from 1989 until 1998. Defendant Daisy Chu is George Chu's wife and was never a Hecny employee. Defendant Wilfredo Jamilosa was a clerk employed by Hecny at the Chicago station during the pertinent time period.

In 1989 Hecny and George Chu entered into a profit sharing agreement under which George Chu, by making a personal capital investment, was entilted to a certain percentage of profits at the Chicago station. The agreement contained non-compete agreement under which George Chu agreed not to compete with Hecny until two years after he left employment with Hecny. In 1994 Hecny offered George Chu a larger percentage of profits in exchange for another personal investment.

George Chu and Hecny had arguments concerning the management of the Chicago station and on September 1, 1998 George Chu resigned. George Chu agreed to stay at Hecny until outstanding accounting issues could be resolved. George Chu claims that Hecny agreed to pay him back his capital contributions and that to this date Hecny has not done so.

Hecny brought the instant action against George Chu after a Hecny officer from Los Angeles reviewed the Chicago station books and records. Hecny claims

that while George Chu was in charge of the Chicago station, he allowed another freight company named Platinum Services II, Inc. to simultaneously operate at the Chicago station. Hecny claims that George Chu allowed Platinum to use the Hecny facilities and Hecny employees for its operations. Hecny claims that Platinum had no employees of its own other than Daisy Chu and that George Chu allowed Platinum to have confidential Hecny documents. According to Hecny, George Chu caused some of Hecny's customers to switch to Platinum. Hecny also claims that when George Chu left the Chicago station he took items belonging to Hecny such as boxes of files, computer software and hardware, a fax machine, and a copy machine.

Hecny's fourth amended complaint contains ten counts alleging claims of misappropriation of trade secrets, breach of fiduciary duty, breach of contract, intentional interference with contractual relations, fraud, and conversion. George Chu and Daisy Chu have filed a counterclaim against Hecny and Hecny Hong Kong seeking a declaratory judgment and alleging claims of breach of contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and defamation. Hecny Hong Kong has moved for summary judgment on Defendants' breach of fiduciary duty claim. Hecny and Hecny Hong Kong have moved for summary judgment on Defendants' defamation claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216

F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Illinois Trade Secrets Act Preemption

Defendants argue that Hecny's breach of fiduciary duty claim (Counts I to VI), tortious interference with contract claims (Counts IV and VIII), fraud claims (Counts V, VII, and IX), and conversion claim (Count X) are preempted by the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1 *et seq.* The ITSA abolished all common law causes of action for misuse of trade secrets except for breach of contract claims. 765 ILCS 1065/8(b)(1); *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992); *Thomas & Betts Corp. v. Panduit Corp.*, 108 F.Supp.2d 968, 971 (N.D. Ill. 2000).

We agree with Defendants that Hecny has built the above mentioned claims in part upon conduct involving the alleged misuse of trade secrets information. Counts IV through X incorporate the allegations in Count II which is the ITSA Count. All Counts incorporate paragraphs 23-26 of the complaint which alleges that George

5

Chu misused Hecny's confidential trade secrets. All Counts incorporate paragraphs 27, 28, 34, and 59 of the complaint which contain allegations that Defendants misused Hecny's confidential information. Hecny also makes reference to the "foregoing" misconduct in its complaint thereby incorporating prior conduct concerning trade secrets. Therefore the ITSA preempts the claims and we grant summary judgment on Hecny's breach of fiduciary duty claim (Counts I to VI), tortious interference with contract claims (Counts IV and VIII), fraud claims (Counts V, VII, and IX), and conversion claim (Count X).

## II. Illinois Trade Secrets Act Claim

Defendants argue that Hecny has not presented any facts that establish that it had any trade secrets. Information can only be a trade secret if it is "sufficiently secret to impart economic value to both its owner and its competitors because of its relative secrecy." *George S. May Int'l Co. v. International Profit Assocs*, 628 N.E.2d 647, 653 (Ill. App. Ct. 1993). Also, in order to establish an ITSA claim the plaintiff must show that it took "reasonable steps" to keep its information secret. 765 ILCS 1065/2(d)(2). Hecny admits that its business is just like any other freight business and its procedures are similar to other freight forwarders. (SF 25, 26, 27). Hecny admits that its pricing is readily available within the industry. (SF 18, 20, 21,

22, 28). Hecny admits that it failed to keep the alleged trade secret information confidential. (SF 36-40). In response to Defendants' interrogatories Hecny failed to identify any specific documents or information that constituted trade secrets. Instead Hecny continues to rely on vague contentions that items such as pricing structures were missappropriated. Therefore, we grant summary judgment on the ITSA claim.

III. Breach of Contract Claim

Defendants argue that the breach of contract claim is unenforceable. Covenants not to compete are disfavored under Illinois law because such contracts inhibit free trade. *Office Mates 5, North Shore, Inc. v. Hazen*, 599 N.E.2d 1072, 1080 (Ill. App. Ct. 1992). Such covenants are not enforceable unless they are reasonable in scope and "protect a legitimate business interest of the employer." *Id.* In this case, as indicated above, Hecny does not have any confidential information or have any confidential aspects of its business that would warrant such a not to compete agreement. In addition, it is clear that Hecny does not have near permanent customers which also indicates that such an agreement was not warranted to protect Hecny's legitimate business interest. (SF 18-21, 25, 26). *Springfield Rare Coin Galleries, Inc. v. Mileham*, 620 N.E.2d 479, 490 (Ill. App. Ct. 1993). Therefore, we

grant Defendants' motion for summary judgment on the breach of contract claim.

IV. Breach of Fidcuciary Duty and Defamation Counterclaims

Hecny Hong Kong moves for summary judgment on the breach of fiduciary duty counterclaims against Hecny Hong Kong. Hecny correctly points out that although Hecny Hong Kong was the parent company of Hecny, Hecny Hong Kong was not a party to the joint venture agreement and Defendants have not provided sufficient evidence to show that it owed a fiduciary duty to George Chu. Therefore, we grant the motion for summary judgment on the breach of fiduciary duty counterclaim against Hecny Hong Kong.

Hecny and Hecny Hong Kong have also moved for summary judgment on Defendants' defamation claims. Defendants' defamation claim is based upon allegations that Benson Chan allegedly defamed the Chus by telling one of Hecny's former customers that there was a $3 million civil action and a criminal case pending against the Chus. The record is clear that at the time of the statement in question that Chan had filed a complaint with the Bensenville Police Department and he believed that there was a criminal case pending. Therefore, we grant summary judgment on the defamation counter-claim.

## CONCLUSION

This case has been pending for over six years. Several attempts at settlement negotiations have failed and the parties have continued to prolong this case without reason. Based on the foregoing analysis, we grant Defendants' motion for summary judgment in its entirety. We also grant Hecny Hong Kong's motion for summary judgment on the breach of fiduciary duty counter-claim and grant Hecny's and Hecny Hong Kong's motion for summary judgment on the defamation claim. All other counter-claims are dismissed without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2004