IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HECNY TRANSPORTATION, INC., )
)
                  Plaintiff, )
)
v. ) Case No. 98 C 7335
)
GEORGE CHU, et al., )
)
                  Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for attorneys' fees, Defendants' bill of costs, and on Plaintiff Hecny Transportation, Inc.'s ("Hecny") bill of costs. For the reasons stated below, we deny Defendants' motion for attorneys' fees, grant Defendants' bill of costs in its entirety, and deny Hecny's bill of costs in its entirety.

## BACKGROUND

On March 30, 2004, we granted Defendants' motion for summary judgment on Hecny's claims in the instant action. We also granted Hecny's motion for summary judgment on certain counter-claims and dismissed the remaining

1

counter-claims. Both sides have thus prevailed upon the claims brought against them and now both sides are before the court seeking compensation for various costs and fees. Defendants have filed a motion for attorneys' fees, and both Defendants and Hecny have filed a bill of costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. §1920(setting forth costs that are generally recoverable). Also, pursuant to 765 ILCS 1065/5 of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1 *et seq.*,"[i]f (i) a claim of misappropriation is made in bad faith, (ii) a motion to terminate an injunction is made or resisted in bad faith, or (iii) willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." 765 ILCS 1065/5.

## DISCUSSION

I. Defendants' Amended Motion for Attorneys' Fees

Defendants seek to recover $505,813.62 in attorneys' fees as the prevailing party in regard to Hecny's claims, pursuant to 765 ILCS 1065/5 of the ITSA. The

ITSA provides that a court can award reasonable attorneys' fees to a prevailing party if "a claim of misappropriation is made in bad faith." 765 ILCS 1065/5(i). Defendants contend that the amount requested for attorneys' fees does not include fees incurred before Plaintiff formally asserted its trade secrets claims. Defendants also contend that they have excluded an additional $109,365.38 from their request for attorneys' fees for other reasons. In support of Defendants' motion for attorneys' fees, Defendants point to various factual and legal admissions by Hecny that were noted in our ruling granting Defendants' motion for summary judgment. Defendants argue that Hecny's admissions during the dispositive motion briefings show that Hecny knew or should have known that Defendants did not possess trade secrets and that Hecny therefore acted in bad faith in pursuing claims relating to trade secrets. We disagree. Although we found in our prior ruling that Hecny's arguments opposing summary judgment lacked merit, there is no indication that Hecny's arguments were made in bad faith. Hecny was entitled to its day in court regarding claims that Hecny could arguably have believed to be meritorious, and Defendants have not shown the instant action to be frivolous. Defendants also point to statements made by the court at status hearings regarding the vindictive nature of the instant action, but the court never made any conclusive finding in open court that Hecny had engaged in any conduct in the course of this litigation that was in bad faith. We have reviewed the entire record in this action, and conclude that Defendants have failed to show that Hecny acted in bad faith from either a subjective

or objective perspective. Therefore, we deny Defendants' motion for attorneys' fees.

## II. Defendants' Bill of Costs

Defendants have filed a bill of costs seeking a total of $30,495.85. Defendants have provided documentation for the charges included in their request and the court finds that the amounts requested are reasonable. We also note that Hecny has not filed any objection to Defendants' bill of costs. Therefore, we grant Defendants' bill of costs in its entirety.

## III. Hecny's Bill of Costs

Hecny has filed a bill of costs as the prevailing party on the counter-claims brought against it. Hecny requests $20,162.20 in its bill of costs. Defendants first argue that Hecny failed to certify his bill of costs. Pursuant to 28 U.S.C. § 1924, "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. In the instant action, Hecny provided the requisite certification. The certification statement is pre-printed at the bottom of the bill of costs form and states the

following: "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (BC Form). The bill of costs form submitted by Hecny is signed by Hecny's counsel. Therefore, Hecny's bill of cost is properly certified.

Defendants also object to $1,310.11 sought by Hecny for travel expenses incurred in traveling to a deposition. The Seventh Circuit has been reluctant to award costs to a party for travel expenses incurred in traveling to a deposition. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). In order to obtain such a recovery for travel expenses the party seeking to be compensated must show that counsel's presence at the deposition rather than by telephone or other electronic means was "actually necessary." *Id.* The mere fact that counsel's presence could have been "possibly helpful or supportive for the witness" is insufficient to warrant a recovery of costs by the party for travel expenses. *Id.* Hecny has not shown that the travel expenses itemized in its bill of costs were "actually necessary" and thus, we shall not include such expenses in the costs award.

Defendants also argue that Hecny has not provided documentation for its cost requests. We recognize, as the Seventh Circuit has recognized, that if a court imposes too much of a burden upon a party seeking compensation for costs, the preparation of the bill of costs could easily negate any recovery that might be

obtained by the applicant. *See Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)(stating that an applicant "was not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs"). A bill-of-costs applicant is "required to provide the best breakdown obtainable from retained records." *Id.* In the instant action, Hecny clearly has not met even this minimal burden of documentation in regard to its alleged expenses. The only document attached to Hecny's bill of costs is chart making vague references to costs such as a "court reporter" charge on "8/24/2001." Although Hecny is seeking over $4,500 for court reporter-related fees, Hecny has not attached even one invoice from a court reporter to Hecny's bill of costs. In regards to photocopying costs, Hecny merely provides dollar amounts and a corresponding date in its chart prepared for the bill of costs. Hecny has not provided any documentation for photocopying costs from its office, such as a spreadsheet dealing with expenses from Hecny's office or from Hecny's counsel's office. Hecny is seeking over $20,162.20 in costs, and clearly there should be some sort of invoices and office records to support such substantial costs that would have been kept in the ordinary course of business. The only document offered to the court along with its bill of costs by Hecny is a chart without any supporting documentation of dollar amounts that were apparently entered by Hecny's counsel based upon his memory. Thus, Hecny has not shown that it has provided "the best breakdown obtainable from retained records." *Id.* Since Hecny

has failed to sufficiently document its requested costs, we deny Hecny's bill of costs in its entirety.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion for attorneys' fees. We also grant Defendants' bill of costs in its entirety and deny Hecny's bill of costs in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 23, 2005