# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HECNY TRANSPORTATION, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 98 C 7335 |
| GEORGE CHU, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case was reassigned to this Court's docket following its remand by the Seventh Circuit. The parties dispute whether a particular claim – Count 3 of the fourth amended complaint, to the extent it seeks damages relief based on something other than misappropriation of trade secrets – remains alive. To address this question the Court must first briefly review the decision by our colleague Samuel Der-Yeghiayan that was appealed to the Seventh Circuit, as well as the Seventh Circuit's decision.

In his summary judgment decision, dated March 30, 2004, Judge Der-Yeghiayan concluded that the Illinois Trade Secret Act preempted Counts 1, 4, 5, 6, 7, 8, 9, and 10, because each of those claims was a claim for misuse of trade secrets based on theories other than breach of contract, and he therefore granted summary judgment for the defendants on those claims. Judge Der-Yeghiayan also granted summary judgment for the defendants on Count 2, plaintiff's claim under the ITSA, on the ground that plaintiff had not offered evidence that it had any trade secrets as defined by the ITSA. Count 3 is a claim for breach of contract, in which plaintiff

alleges that defendant George Chu breached an agreement with plaintiff by doing things that contravened a covenant not to compete and by disclosing confidential information to competitors. Judge Der-Yeghiayan concluded that the covenant not to compete was unenforceable; he granted summary judgment to the defendant.

The Seventh Circuit affirmed in part and reversed in part. *Hecny Transp., Inc. v. Chu,* 430 F.3d 402 (7th Cir. 2005). This Court notes in passing that it is somewhat perplexed by the Seventh Circuit's statement that "[a]lthough the judge called [his ruling] summary judgment, he did not mention any evidence of record. Instead he deemed Hecny's complaint self-defeating." *Id.* at 404. Judge Der-Yeghiayan *did* cite to the record – specifically the statements of material fact submitted pursuant to Local Rule 56.1 – at several points during his decision, and we see nothing in his ruling resembling a comment that the complaint was self-defeating. But this does not affect our review of what the Seventh Circuit decided, a question to which we now turn.

The doctrine of law of the case requires a trial court "to conform any further proceedings on remand to the principles set forth in the appellate opinion." *Law v. Medco Research, Inc.,* 113 F.3d 781, 783 (7th Cir. 1997). The Seventh Circuit, after reviewing Judge Der-Yeghiayan's decision, stated that "the identity of Hecny's customers is not a trade secret in the first place" but that this "does not doom Hecny's other contentions." *Hecny Transp.,* 430 U.S. at 404. The court concluded that the ITSA preempts non-contract-based claims for misappropriation of trade secrets as the ITSA defines that term, but does not "wipe out claims of theft, fraud, and breach of the duty of loyalty that would be sound even if the customer list were a public record." *Id.* at 405.

The Seventh Circuit next addressed the plaintiff's claim for breach of the covenant not to

compete.  It noted that the parties disputed the appropriate standard for determining the covenant's enforceability – plaintiff argued that it should be assessed under the standards for covenants in joint venture agreements, while defendant Chu argued that it should be assessed as an employment agreement – but stated that "[t]he dispute need not be resolved." *Id.*  The reason for this, the court stated, was that the covenant had expired long ago, rendering moot any claim for injunctive relief.  The court stated:  "Today only damages are available, and as it seems unlikely that they could be established given the lack of trade secrets the litigation may be simplified by confining attention on remand to the events while Chu was the Chicago station's manager and any injury they may have caused." *Id.*

After addressing defendant's counterclaim (a subject that does not concern us at this point), the court concluded its decision by stating:

> The judgment is affirmed to the extent that it dismisses the counterclaim against Hecny Hong Kong and all of Hecny U.S.'s claims based on misappropriation of trade secrets.  The decision not to issue an injunction enforcing the covenant not to compete also is affirmed.  The judgment otherwise is vacated, and the case is remanded on the merits.

*Id.* at 406.

Defendant Chu argues that Count 3, the covenant not to compete claim, is a "claim[ ] based on misappropriation of trade secrets" and thus does not survive the Seventh Circuit's ruling.  In this regard, he also relies on the court's comments regarding the slim likelihood that damages for breach of the covenant can be established.  Hecny argues that Count 3 survives as a claim for damages to the extent it is based on the covenant not to compete (as opposed to a claim for disclosure of trade secrets), relying primarily on the just-quoted language at the end of the Seventh Circuit's decision.

3

The Court agrees with Hecny. The covenant not to compete claim is not a "claim[ ] based on misappropriation of trade secrets"; rather, it is a claim for breach of contract based on an agreement not to compete. The fact that Hecny sought to support the covenant's enforceability by arguing that it had confidential information worthy of protection does not convert the claim into one for misappropriation of trade secrets. The damage claim is thus not covered by the Seventh Circuit's decision to affirm the dismissal of all claims based on misappropriation of trade secrets.

The Seventh Circuit's comments that damages likely cannot be established gives this Court (and should give Hecny) some pause, but it is reasonable to assume that if the Seventh Circuit had intended to affirmatively bar consideration of the breach of covenant claim on remand, it would have said so somewhere in its decision. It said nothing of the sort. Indeed, when the court summarized its ruling at the end of its opinion, it made it clear that it was affirming "*[t]he decision not to issue an injunction* enforcing the covenant not to compete," not the dismissal of the claim for damages. *Id.* (emphasis added). The decision unambiguously states that Judge Der-Yeghiayan's ruling was "otherwise ... vacated," *id.;* this makes it clear that the Seventh Circuit vacated, among other things, the summary judgment for defendant Chu on the claim for breach of the covenant not to compete to the extent plaintiff sought to recover money damages.

Chu argues that Judge Der-Yeghiayan's decision that the covenant not to compete is unenforceable is itself the law of the case and must be followed by this Court because the Seventh Circuit did not take issue with Judge Der-Yeghiayan's determination. The Court disagrees. Though the Seventh Circuit did not specifically discuss Judge Der-Yeghiayan's

4

ruling, as discussed above it vacated that ruling. For this reason the ruling is no longer binding on this Court. Though we do not rule out the possibility that we might later conclude that the covenant is unenforceable, at least for the present Count 3 survives as a claim for damages.

**Conclusion**

For the reasons stated above, the claims that remain for determination in this case include plaintiff's damage claim under Count 3 to the extent as it concerns breach of the covenant not to compete. In light of the Seventh Circuit's comments regarding the likely difficulty of proving damages arising from the alleged breach, the Court urges the plaintiff to think long and hard before actually attempting to prove the claim at trial.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 10, 2006